## ROSE v. FOORD.*

### No. 14,060; December 3, 1891.

#### 28 Pac. 229.

**Limitation of Actions.—Where a Seller of Stocks Fails to Deliver** them, limitations against his implied promise to refund the purchase money begin to run from the date of his notice to the purchaser of inability to deliver.

**Limitation of Actions—New Promise.—**After such notice, verbal promises to deliver the stocks when he could will not take the case out of the statute of limitations, by reason of Code of Civil Procedure, section 360, which provides that no promise is sufficient for such purpose unless in writing, signed by the party to be charged thereby.

*For subsequent opinion in bank, see 96 Cal. 152, 30 Pac. 1114.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge. Reversed.

Action by L. J. Rose against James Foord, administrator, to recover money had and received. Judgment for plaintiff. Defendant appeals.

Lee & Scott for appellant; Chapman & Hendrick for respondent.

FOOTE, C.—This action was brought to recover $4,000 and interest, against the administrator of the estate of N. R. Vail, deceased, by L. J. Rose. A judgment was obtained, payable in due course of administration, from which and an order denying a new trial this appeal is taken. The cause of action, as stated in the complaint, grew out of an agreement on the part of the deceased, in his lifetime, to sell and deliver to the plaintiff, within a reasonable time, certain shares of stock, and the certificates thereof, in a mining corporation. Before the mining corporation was incorporated, or any shares of stock or certificates were issued, the plaintiff paid the sum of $4,000 as the purchase price for one-half of the decedent's (N. R. Vail's) share of the stock which he was to have, after the same should be issued. It became impossible for Vail to deliver the shares or certificates therefor, which he had promised to the plaintiff, by reason of the issuance and service of an injunction granted by a court of competent jurisdiction in the state of New York. The plaintiff made a demand in writing some time after he had paid his money, and about the 30th of July, 1883, for the shares of stock and certificates thereof, which he had purchased, and which he had become entitled to receive from Vail. On the 6th of August of that same year, Vail by letter admitted to the plaintiff the former's inability to comply with his contract and deliver the stock or certificates, and make good the proposed sale to the plaintiff. It is evident that, had the plaintiff elected so to do, he might, at the last-mentioned date, have rescinded the contract, a reasonable time having been given for its completion, and the consideration therefor having clearly failed.

But, so far from promptly proceeding to stand on such legal right, the plaintiff seems rather to have preferred for several years after that date, and until the death of Vail in 1888, to rely on the contract as made originally, and to insist on its performance, encouraging Vail to suppose that such was the plaintiff's wish; and Vail in turn appearing, from time to time, up to within a few months of his death, verbally promising to get hold of the stock and certificates, and make his sale good. The right of action accrued to the plaintiff on the 6th of August, 1883, when the defendant by letter confessed his inability, and declined thereby to deliver the stock and certificates thereof. Such being the state of affairs, the plaintiff's cause of action, as stated in the complaint, arose from the failure on the part of Vail to comply with his implied promise to pay the purchase price for the stock back to the plaintiff, on the failure of the consideration of the contract of sale and delivery. The statute of limitations of two years on such a verbal promise to pay money had and received would commence to run on the 6th of August, 1883, when the consideration failed.

We perceive no force in the suggestion advanced by the appellant that the complaint states a cause of action based upon any other than a cause of action resting upon the breach of this implied promise just adverted to. When the evidence and findings are examined, even at a glance it is seen that the cause of action declared on was never understood by any of the parties at the trial to be other than what we have here stated. The date when the cause of action became barred was several years before the presentation of the claim to the administrator of Vail, who refused to pay it, and also before the institution of this suit, and before the death of Vail. There are several other points made and argued extensively and exhaustively, but, in the view that must be taken of this matter, we cannot see how they can be of any avail either to discuss or determine. The verbal promises to deliver stock when it could be done do not appear to be sufficient to take the case out of the statute of limitations of two years: Code Civ. Proc., sec. 360. For these reasons, after a very thorough and painstaking examination of the record and authorities cited, we are satisfied that the

judgment and order refusing a new trial should be reversed, and we so advise.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed.